Emilia N. McAfee (State bar No. 231111)
WE-Legal, A.P.C
391 N Main Street Ste 208
Corona CA 92880
Telephone (951) 268-1355
Fax: (877)-400-5591
Email: Emilia@welegalapc.com

Attorneys for Plaintiff(s) Jules Andre Nelson

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

In re:

Jules Andre Nelson

Debtor(s)

Bankruptcy Case No.: 6:12-32538-MH

Chapter 13

**MOTION FOR AN ORDER DISALLOWING INSOLVE RECOVERY,LLC C/O CAPITAL RECOVERY GROUP, LLC'S CLAIM (CLAIM NO. 4-1)**

Date: June 6, 2013
Time: 1:30pm
Crtrm: 303
    3420 Twelfth Street
    Riverside CA 92501

*Honorable Mark D. Houle*

TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY COURT JUDGE, THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES HEREIN:

Debtor JULES A. NELSON hereby objects to the Claim Number 4-1 on the basis that the Claimant did not meet its burden of proof as delineated in the *Federal Rules of Bankruptcy Procedure* and that the claim is barred by the Statute of Limitations. Debtor also disputes he

1

MOTION DISALLOWING CLAIM 4-1

owes the monies owed on the unsecured creditor's claim as more specifically set forth in his attached declaration.

Pursuant to *Local Bankruptcy Rules ("LBR") 3007-1(b) and 9013-1(7)* an opposition to this Motion must be filed and served on Debtor and Debtor's Counsel no less that fourteen (14) days prior to the above hearing date. Failure to file and serve a timely response to this Motion may result in a waiver of your right to oppose the Motion and the Court may grant the relief requested.

## I. LEGAL BASIS

### A. CLAIMANT FAILED TO MEE ITS BURDEN OF PROOF:

A claimant must execute and file its proof of claim pursuant to *Federal Rule of Bankruptcy Procedure 3001 ("Rule 3001")* which states in pertinent part:

> "(a) Form and Content. A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form. . . .
>
> (c) Claim Based on a Writing. When a claim, or an interest in property of the Debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. . . .
>
> (f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."

Although proof of claim is deemed *prima facie* allowable, if the Debtor objects to the claim under *Bankruptcy Code § 502* with evidence to rebut the *prima facie* validity of the claim, the ultimate burden of persuasion is shifted back to the claimant. *In re Murgillo*, 176 B.R. 524, 529 (B.A.P. 9th Cir. 1994)

A proof of claim executed and filed in accordance with *Rule 3001*, constitutes *prima facie* evidence of the validity and amount of the claim. *Garner v. Shier (In re Garner)*, 246 B.R. 617 (B.A.P. 9th Cir. 2000). However, a proof of claim that fails to set forth facts sufficient to

support a legal liability to claimant does not constitute *prima facie* evidence as to the validity and amount of the claim under *Rule 3001(f)*.

In addition, a claimant must attach copies of writings upon which its claims are based in order to carry its burden of establishing a *prima facie* case against the Debtor. *Fed. R. Banks. P. 3001(c); In re G.I. Indus., Inc.,* 204 F.#d 1276, 1280 (9th Cir. 2000); *Hardin v. Gianni (In re King Investments, Inc.),* 219 B.R. 848, 858 (9th Cir. Bap 1998). A claim should also not be allowed if that claim is unenforceable against the Debtor and property of the Debtor under any agreement applicable law. *11 U.S.C. § 502(b)(I).*

## II. STATEMENT OF FACTS

### A. CLAIM NO. 4-1 OF INSOLVE RECOVERY, LLC C/O CAPITAL RECOVERY GROUP, LLC

#### 1. STATUTE OF LIMITATION

On or about December 3, 2012, INSOLVE RECOVERY, LLC C/O CAPITAL RECOVERY GROUP, LLC ("Claimant"), filed Claim No. 4-1 which alleges a general unsecured claim in the amount of $1,231.81, which was designated as Claim 4-1 on the Court's claims register for this case. *A true and correct copy of the Disputed Claim is attached hereto as Exhibit 1.*

The face of Claim 4-1 indicates the amount owed is $1,231.81, Account Number Ending 8065; however, does not provided any type of documentation on the amount owed as required under *Rule 3001*. Further, there is no indication as to whether these transactions were subject to a written or oral contract.

Assuming that the Debtor incurred this debt, Claimant has provided no substantial evidence related to the debt as required under *Rule 3001*. As a result, Debtor cannot determine if and when the statute of limitations for this claim has expired nor can Debtor determine if the Claim is valid as to the amount owed. This assumes that the parties had a written contract under *California Code of Civil Procedure § 337. See Exhibit 1.* Therefore, the claim should be disallowed in its entirety.

## 2. NO SUPPORTING DOCUMENTS

Claimant fails to provide any admissible evidence to support the amount of its claims. There are no documents to show what was the original amount owed, what the interest amount (if any) owed and the transactions for which this debt was allegedly incurred. The proof of claim only provided a summary from Claimant listing the amount claimed with no further admissible evidence to support its claim and any basis thereto. In fact, the face of the proof of claim states that there is no interest or arrearage accumulated as to the original loan amount, which is unknown since no documents were attached to delineate the debt owed.

In his Declaration, Debtor disputes the entire amount claimed. In fact, Debtor's declaration specifically states that he does not owe the monies alleged in Proof of Claim 4-1.

**WHEREFORE,** the debtor prays of the Court as follows:

1. That Proof of Claim number 4-1 for INSOLVE RECOVERY, LLC C/O CAPITAL RECOVERY GROUP be denied it its entirety;

2. That, in the event any of the above named Claimants oppose these objections, an evidentiary hearing in regards to each objection be set and that Claimant is required to bring original documentation that Claimant's claim is not barred by the applicable statute of limitations, if such documentation was not previously attached to the filed claim; and

3. For any such other relief that this Court deems appropriate.

Dated: April 30, 2013

Respectfully Submitted,

WE-Legal, APC

By: _____
Emilia N. McAffee
Attorney for Debtor
JULES A. NELSON

## DECLARATION OF JULES A. NELSON

I JULES A. NELSON, do hereby declare and state:

1. I know of the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. And, if called as a witness, I could and would competently testify under oath to the facts set forth in this declaration.

2. I am the Debtor in the instant Chapter 13 bankruptcy currently before the United States Bankruptcy Court – Riverside Division bearing case no. 6:12-bk-32538-MH.

3. On December 3, 2012, INSOLVE RECOVERY, LLC C/O CAPITAL RECOVERY GROUP, LLC ("Claimant"), filed an unsecured proof of claim, filed as Claim 4-1 in the Register of Claim, in the amount of $1,231.81 (*See Exhibit 1 to the Motion*).

4. Claimant has provided no substantial evidence that I owe this debt to them or to their predecessor, CREDIT ONE BANK, or that I actually incurred the amount claimed. Therefore, I dispute the claim in full as filed by Claimant in that I do not owe the amount delineated in the Proof of Claim.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 1st day of May 2013 at Corona, California.

_____
JULES A. NELSON

MOTION DISALLOWING CLAIM 4-1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
391 N. Main Street, Ste. 208, Corona, CA 92880

A true and correct copy of the foregoing document entitled (*specify*): _____
MOTION FOR AN ORDER DISALLOWING INSOLVE RECOVERY, LLC c/o CAPITAL RECOVERY GRP.'S
CLAIM (CLAIM NO. 4-1)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/29/2013_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __05/01/2013____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _05/01/2013_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Mark D. Houle
United States Bankruptcy Court
3420 Twelfth Street, Ste. 365 Courtroom 303
Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/01/2013 | Kevin G. Acosta | /s/ Kevin G. Acosta |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE

*In re Jules A. Nelson*
*United States Bankruptcy Court*
*Riverside Division*
*Case No. 6:12-bk-32538-MH*

### SERVICE LIST

**Served via CM/ECF Website**

Emilia N. McAfee, *attorney for Debtor Jules A. Nelson*
emilia@welegalapc.com, lawofficenotices@gmail.com; paralegal@welegalapc.com

Amrane Cohen, *Chapter 13 Trustee on behalf of the Office of the United States Trustee,*
efileRS@ch13.com

United States Trustee, *on behalf of the Offfice of the United States Trustee,*
ustpregion16.rs.ecf@usdoj.gov

**Served via U.S. Mail**

Amrane Cohen
Chapter 13 Trustee
Orange City Square
770 The City Drive, South Ste. 8500
Orange, CA 92868

InSolve Recovery, LLC
c/o Capital Recovery, Dept. 3203
P.O. Box 123203
Dallas, TX 75312-3203

1
ORDER DENYING DEBTOR'S MOTION DISALLOWING MIDLAND FUNDING'S CLAIM (CLAIM 1-1)

**EXHIBIT 1**

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT, District of Central California - Riverside | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Jules Nelson | Case Number: 12-32538 |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
InSolve Recovery, LLC

**COURT USE ONLY**

Name and address where notices should be sent:
InSolve Recovery, LLC, c/o Capital Recovery Group, LLC
Dept 3203
PO BOX 123203
DALLAS, TX 75312-3203

Telephone number: 866-870-1717    email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):
Same as above

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $1,231.81

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Goods Sold/Revolving Credit
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 8065 | 3a. Debtor may have scheduled account as: CREDIT ONE BANK, N.A. (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information

**Nature of property or right of setoff:** ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
**Describe:**

**Value of Property:** _____

**Annual Interest Rate** _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

**Basis for perfection:** _____

**Amount of Secured Claim:**

**Amount Unsecured:** $1,231.81

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)    2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☒ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Nichlas P. Spallas
Title:  Agent for Creditor
Company:  Capital Recovery Group, LLC            /s/ Nichlas P. Spallas            11/30/2012
Address and telephone number (if different from notice address above):    (Signature)            (Date)

Telephone number:            email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.